**ABIRI LAW, PC**
Robert Abiri (SBN 238681)
rabiri@abirilaw.com
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688
t. 949.459.2133
f. 949.534.4367

**CUSTODIO & DUBEY, LLP**
Vineet Dubey (SBN 243208)
445 Figueroa Street, Suite 2520
Los Angeles, CA 90071
Telephone: (213) 593-9095
Fax: (213) 785-2899
dubey@cd-lawyers.com

**DON BIVENS PLLC**
Don Bivens (*pro hac vice* forthcoming)
Maxwell K. Weiss (*pro hac vice* forthcoming)
15169 N. Scottsdale Road, Suite 205
Scottsdale, AZ 85254
Telephone: (602) 762-2661
don@donbivens.com

*Attorneys for Plaintiffs and the Putative Classes*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO CABONIOS, J.T., a minor, by and through her parent and guardian *ad litem* OSKAR TORUNO, ANTHONY GONZALES, MATTHEW NEWTON, and ALICIA TAYLOR, individually and on behalf of all others similarly situated,<br><br>  *Plaintiffs,*<br><br> v.<br><br> CRUNCHYROLL, LLC, a Delaware corporation,<br><br>  *Defendants.* | CASE NO.:  2:26-cv-02373<br><br><br>**CLASS ACTION COMPLAINT**<br><br><br><br>**DEMAND FOR JURY TRIAL** |

1

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

2      Plaintiffs Francisco Cabonios, J.T., by and through her parent and guardian *ad litem* Oskar

3  Toruno Anthony Gonzales, Matthew Newton, and Alicia Taylor ("Plaintiffs"), individually and on

4  behalf of all other persons similarly situated ("Class Members"), by and through their attorneys,

5  make the following allegations pursuant to the investigation of counsel and based upon

6  information and belief, except as to allegations specifically pertaining to Plaintiffs and Plaintiffs'

7  counsel, which are based on personal knowledge.

8

## NATURE OF THE ACTION

9      1.      This is a consumer digital privacy class action complaint brought on behalf of users

10  and subscribers of the Crunchyroll mobile application (the "App"), which is owned and operated

11  by Defendant Crunchyroll, LLC ("Defendant" or "Crunchyroll"). Crunchyroll is an American

12  company that specializes in the distribution, production, and licensing of anime, providing a

13  streaming service that offers a library of anime, manga, and Asian dramas.

14      2.      The federal Video Privacy Protection Act ("VPPA") protects consumer privacy by

15  providing for a federal cause of action against "[a] video tape service provider who knowingly

16  discloses, to any person, personally identifiable information concerning any consumer of such

17  provider," without express consent. 18 U.S.C. § 2710.

18      3.      Through its App, Crunchyroll has systematically breached the VPPA by knowingly

19  disclosing users' personally identifiable information concerning their video viewing activity to

20  Braze Inc., formerly Appboy Inc. ("Braze"), a third-party marketing and analytics company.

21  Specifically, Crunchyroll transmits users' (i) email addresses, (ii) persistent device identifiers, and

22  (iii) the titles of specific video content they watch (collectively, "Personal Viewing Information")

23  to Braze through the Braze Software Development Kit ("SDK").  Defendant embedded SDK in

24  the App, all without obtaining proper consent as required by the VPPA.

25      4.      This Personal Viewing Information allows Braze and its clients to identify specific

26  individuals and track exactly what video content they are watching. The VPPA strictly prohibits

27  such disclosures without informed, written consent obtained "in a form distinct and separate from

28  any form setting forth other legal or financial obligations of the consumer." 18 U.S.C. §

1  2710(b)(2)(B). Crunchyroll obtained no such consent.

2       5.    The VPPA provides consumers whose privacy has been breached with the right to

3  recover statutory damages of $2,500 per violation, plus attorney's fees and costs. Plaintiffs bring

4  this action to achieve redress on behalf of themselves and others who were similarly injured by

5  Crunchyroll's unlawful conduct.

6  **PARTIES**

7       6.    Plaintiff Francisco Cabonios is an adult individual who resides in Stockton,

8  California. Plaintiff Cabonios became a Crunchyroll subscriber in April 2024, when he was a

9  minor, and he periodically watched videos while logged into Crunchyroll's App. Crunchyroll

10  disclosed Plaintiff Cabonios's Personal Viewing Information to Braze without consent.

11       7.    Plaintiff J.T. is a minor child under the age of 18 who resides in Carson, California.

12  Plaintiff J.T. brings this action by and through her parent and guardian *ad litem*, Oskar Toruno.

13  Plaintiff J.T. became a paid Crunchyroll subscriber around 2023 and periodically watched videos

14  while logged into Crunchyroll's App. Crunchyroll disclosed Plaintiff J.T.'s Personal Viewing

15  Information to Braze without consent.

16       8.    Plaintiff Anthony Gonzales is an adult individual who resides in Coachella,

17  California. Plaintiff Gonzales became a Crunchyroll subscriber around January 2025, periodically

18  watched videos while logged into Crunchyroll's App, and continued to use Crunchyroll's App in

19  2025. Crunchyroll disclosed Plaintiff Gonzalez' Personal Viewing Information to Braze without

20  consent.

21       9.    Plaintiff Matthew Newton is an adult individual who resides in Plumas Lake,

22  California. Plaintiff Newton became a paid Crunchyroll subscriber around 2023, periodically

23  watched videos while logged into Crunchyroll's App, and continued to use Crunchyroll's App in

24  2025. Crunchyroll disclosed Plaintiff Newton's Personal Viewing Information to Braze without

25  consent.

26       10.    Plaintiff Alicia Taylor is an adult individual who resides in Lancaster, California.

27  Plaintiff Taylor became a paid Crunchyroll subscriber around 2025, and periodically watched

28  videos while logged into Crunchyroll's App. Crunchyroll disclosed Plaintiff Taylor's Personal

1   Viewing Information to Braze without consent.

2        11.    Defendant Crunchyroll, LLC is a limited liability company organized under the

3   laws of Delaware, with its principal place of business at 5750 Wilshire Blvd, Los Angeles,

4   California 90036, United States.

5                     **JURISDICTION AND VENUE**

6        12.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this is a

7   civil action arising under a law of the United States: the VPPA, 18 U.S.C. § 2710, *et seq.*

8        13.    This Court also has jurisdiction under the Class Action Fairness Act because there

9   is diversity in citizenship between the parties, there are 100 or more Class Members, and the

10  amount in controversy for the proposed Classes (defined below) exceeds $5,000,000, excluding

11  interest and costs. 28 U.S.C. § 1332(d).

12       14.    This Court has personal jurisdiction and venue is appropriate in this District

13  because Defendant maintains its principal place of business in this District within the meaning of

14  28 U.S.C. § 1391, and because a substantial part of the events or omissions giving rise to the

15  claims occurred in or emanated from this District.

16                 **COMMON FACTUAL ALLEGATIONS**

17    **A.  Background to the Video Protection Privacy Act**

18       15.    Congress enacted the VPPA in 1988 with the specific goal of safeguarding the

19  privacy of personal and familial video rental, purchase, and viewing information. During the

20  legislative process, Senator Paul Simon observed that "[e]very day Americans are forced to

21  provide to businesses and others personal information without having any control over where that

22  information goes. These records are a window into our loves, likes and dislikes." S. Rep. No. 100-

23  599 at 7-8 (1988). Senator Patrick Leahy, who introduced the legislation, commented that "the

24  trail of information generated by every transaction that is now recorded and stored in sophisticated

25  record-keeping systems is a new, more subtle and pervasive form of surveillance." *Id* at 8.

26       16.    Senator Leahy further stated that "[i]n practical terms our right to privacy protects

27  the choice of movies that we watch with our family in our own homes. And it protects the

28  selection of books that we choose to read." 134 Cong. Rec. S5399 (1988). The deeply personal

-4-

and biographical nature of the videos one watches, and the need to protect this information from disclosure, is the inspiration of the statute: "These activities are at the core of any definition of personhood. They reveal our likes and dislikes, our interests and our whims. They say a great deal about our dreams and ambitions, our fears and our hopes. They reflect our individuality, and they describe us as people." *Id*.

17.    The rights protected by the VPPA remain profoundly relevant in today's digital age. When the Senate Judiciary Committee met in 2012 to consider the legislation in light of technological changes, Senator Leahy emphasized that "[w]hile it is true that technology has changed over the years, we must stay faithful to our fundamental right to privacy and freedom. Today, social networking, video streaming, the 'cloud', mobile apps, and other new technologies have revolutionized the availability of Americans' information." *The Video Privacy Protection Act: Protecting Viewer Privacy in the 21st Century, Hearing Before the Subcomm. on Privacy, Tech. & the Law of the S. Comm. on the Judiciary*, 110th Cong. (2012) (Statement of Sen. Patrick Leahy).

**B. Crunchyroll's Business and the Crunchyroll App**

18.    Crunchyroll specializes in the distribution, production, and licensing of anime and Asian dramas, providing a streaming service on its website and an App. The company is known for popular titles such as "Naruto," "Attack on Titan," "One Piece," and "My Hero Academia."

19.    Crunchyroll provides subscribers access to mature, violent, explicit, and sexually-suggestive material, sometimes called "ecchi." One popular example of ecchi is a show available on Crunchyroll called Tales of Wedding Rings.  The show's IMDB.com page notes that "[n]early every episode has at least one scene featuring detailed breast nudity. Yes, that means nipples."

20.    Users can access Crunchyroll's video content through its website or by downloading the Crunchyroll App from the Google Play Store or Apple's App Store. In order to access videos on Crunchyroll's streaming service, users must create an account by providing their email address and creating a password.

21.    Crunchyroll operates on a tiered subscription model with both free and paid

CLASS ACTION COMPLAINT

options, sometimes called a "freemium" model. The free tier allows registered users to access a limited library of video content and users are required to watch advertisements during video playback. The premium paid tiers remove advertisements and provide access to Crunchyroll's full video library, with more expensive premium plans offering the ability to stream across multiple devices and features such as games. As of 2024, Crunchyroll had 13 million paid subscribers worldwide and over 100 million registered users.

22.    Video content is central to Crunchyroll's business model. The company hosts and delivers thousands of anime episodes and films to its users, generating substantial revenue through both paid subscriptions and advertising on free accounts. The ability to track users' viewing behavior enables Crunchyroll and third parties with access to users' data to target users with personalized marketing.  Crunchyroll itself uses the data to run advertisements aimed at converting free users to paid subscribers and retaining existing subscribers.

**C.  How Crunchyroll Disclosed Users' Personal Viewing Information to Braze**

*(i)    Braze and the Braze SDK*

23.    Braze Inc., formerly known as Appboy Inc., is a marketing automation and customer engagement platform that helps companies communicate with their users through push notifications, in-app messages, and email campaigns.

24.    To facilitate these services, Braze provides customers with a Software Development Kit ("SDK") that can be embedded into mobile applications. The Braze SDK allows companies like Crunchyroll to collect and transmit data about app users to Braze's servers, including device information, user preferences, and in-app behavior.

25.    By leveraging the data collected through the Braze SDK, businesses can create personalized marketing campaigns targeting users based on their specific actions and preferences within the app. This data helps enhance user engagement and retention by delivering a customized experience tailored to individual user behavior.

26.    The Braze SDK enables the collection and transmission of various types of user data, including (1) Persistent device identifiers that uniquely identify a user's mobile device; (2) User profile information, such as email addresses; (3) In-app behavioral data, including which

content users view and interact with; and (4) "Event" data, tracking specific user actions within the app.

*(ii)    Crunchyroll Transmits Personal Viewing Information to Braze*

27.    On an unknown date, but at least since 2022, Crunchyroll embedded the Braze SDK into its App. This integration allows Crunchyroll to transmit user data to Braze's servers for marketing and engagement purposes.

28.    Through the Braze SDK, Crunchyroll configured the App to automatically send specific data to Braze when users interact with video content. This data transmission occurs without users' knowledge or consent and includes highly sensitive Personal Viewing Information.

29.    When a user downloads the Crunchyroll App and creates an account, they must provide their email address. This email address is stored by Crunchyroll and is associated with the user's account and device.

30.    After creating an account, users can browse and select video content to watch. When a user selects and plays a video, Crunchyroll's App, through the embedded Braze SDK, transmits Personal Viewing Information to Braze in a manner that identifies the specific user and the specific video content they are watching.

31.    When users play a video within the first twenty seconds of downloading and registering for the App, Crunchyroll transmits all three elements of Personal Viewing Information (the user's email address, a persistent device identifier (Device ID), and the title of the specific video content being watched) to Braze in a single HTTP request. This single transmission directly connects the user's identity to the specific video material being watched, disclosing personally identifiable information in violation of the VPPA. An example of such a request, with the personally identifiable information, is set out below:

```
POST /api/v3/data HTTP/2
Host: sdk.iad-03.appboy.com
X-Braze-Last-Req-Ms-Ago: 29011
Accept-Encoding: gzip, deflate, br
X-Braze-Req-Attempt: 1
Content-Type: application/json
X-Braze-Api-Key: b8df6ed1-27e4-476c-bede-e786ac4cf6c7
Content-Length: 1800
User-Agent: Dalvik/2.1.0 (Linux; U; Android 14; Pixel 8a Build/AP2A.240605.024)
Connection: Keep-Alive

{
  "device_id":"7159a7d3-352e-4c3d-a109
  "app_version":"3.61.1",
  "api_key":"b8df6ed1-27e4-476c-bede-e786ac4cf6c7",
  "app_version_code":"771.0.0.0",
  "sdk_flavor":"segment",
  "sdk_version":"27.0.1",
  "attributes":[
    {
      "user_id":"08a260a0-c000-5087-9f8f-3163c6cbfaf5",
      "custom":{
        "pushNotificationAndroid":"disabled",
        "createdAt":"2024-07-17T09:42:16+0000",
        "phoneNumber":"",
        "subscriber_key":"6d8e28bf7f9b1e6f0e10a57b9ff598a1f20887dbc32442c840534bc9515c7968",
        "pushNotificationOptOut":"",
        "externalUserId":"1189404813",
        "profileId":"08a260a0-c000-5087-9f8f-3163c6cbfaf5",
        "username":""
      },
      "email":"pedra          gmail.com"
    }
  ],
  "time":1721647834,
  "respond_with":{
    "user_id":"08a260a0-c000-5087-9f8f-3163c6cbfaf5",
    "config":{
      "config_time":1721646008
    }
  },
  "events":[
    {
      "data":{
        "p":{
          "episodeTitle":"Entering a New Chapter! Luffy and Sabo's Paths!",
          "concatenatedTitle":"One Piece|One Piece: Egghead Island (1089-Current)|1089|Entering a New Chapter! Luffy and Sabo's Paths!"
          "mediaAudioLanguage":"ja-JP",
          "mediaAdSupported":false,
          "viewershipAttributionSourceScreen":"Home",
          "eventSource":"cr_android",
          "mediaType":"episode",
          "mediaId":"GJWU29E0V",
          "episodeNumber":"1089",
          "externalMediaId":"GRMG8ZQZR",
          "seasonTitle":"One Piece: Egghead Island (1089-Current)",
          "playbackSource":"network",
          "playerSdk":"native",
          "mediaTitle":"One Piece",
          "viewershipAttributionSourceCollection":"dynamic_collection-1",
          "firebaseAppInstanceId":"dc4d6fb2b9416792a9f1c21feb9470cd",
          "playType":"play",
          "topLevelMediaId":"GRMG8ZQZR",
          "profileId":"08a260a0-c000-5087-9f8f-3163c6cbfaf5",
          "mediaDuration":1430,
          "channelName":"",
          "viewershipAttributionChainId":"f6f2d40f-d672-47fa-b8c0-bb97932182d0"
        },
        "n":"Video Play Requested"
```

32.    After the initial twenty-second period following registration, when users continue to watch videos on the App, Crunchyroll continues to transmit the same Personal Viewing

Information to Braze through the Braze SDK. In these instances, the transmission occurs through multiple closely related requests sent in rapid succession as part of the same video-viewing session. One request transmits the user's email address along with the persistent Device ID, while a second request occurring within the same user session transmits the video title along with the same persistent Device ID. An example of the first request, showing the transmission to Braze of a Device ID and a user's email address, with personal information redacted, is set out below:

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

```
POST /api/v3/data HTTP/2
Host: sdk.iad-03.appboy.com
X-Braze-Last-Req-Ms-Ago: 30044
Accept-Encoding: gzip, deflate, br
X-Braze-Req-Attempt: 1
Content-Type: application/json
X-Braze-Api-Key: b8df6ed1-27e4-476c-bede-e786ac4cf6c7
Content-Length: 984
User-Agent: Dalvik/2.1.0 (Linux; U; Android 14; Pixel 8a Build/AP2A.240605.024)
Connection: Keep-Alive

{
  "device_id":"7159a7d3-352e-4c3d-a109-                      ",
  "app_version":"3.61.1",
  "api_key":"b8df6ed1-27e4-476c-bede-e786ac4cf6c7",
  "app_version_code":"771.0.0.0",
  "sdk_flavor":"segment",
  "sdk_version":"27.0.1",
  "attributes":[
     {
        "user_id":"08a260a0-c000-5087-9f8f-3163c6cbfaf5",
        "custom":{
           "pushNotificationAndroid":"disabled",
           "createdAt":"2024-07-17T09:42:16+0000",
           "phoneNumber":"",
           "subscriber_key":"6d8e28bf7f9b1e6f0e10a57b9ff598a1f20887dbc32442c840534bc9515c7968",
           "pushNotificationOptOut":"",
           "externalUserId":"1189404813",
           "profileId":"08a260a0-c000-5087-9f8f-3163c6cbfaf5",
           "username":""
        },
        "email":"pedra              @gmail.com"
     }
  ],
  "time":1721653017,
  "respond_with":{
     "user_id":"08a260a0-c000-5087-9f8f-3163c6cbfaf5",
     "config":{
        "config_time":1721646008
     }
  },
  "events":[
     {
        "data":{
           "p":{
              "build":"771",
              "from_background":false,
              "version":"3.61.1"
           },
           "n":"Application Opened"
        },
        "user_id":"08a260a0-c000-5087-9f8f-3163c6cbfaf5",
        "name":"ce",
        "session_id":"46ca75f0-63b5-4068-ac28-0fe87bacc01b",
        "time":1.721652987101E9
     }
  ]
}
```

CLASS ACTION COMPLAINT

33.    An example of the second request, showing the transmission to Braze of a Device ID and the title of the specific video content being watched is set out below:

```
POST /api/v3/data HTTP/2
Host: sdk.iad-03.appboy.com
X-Braze-Last-Req-Ms-Ago: 29997
Accept-Encoding: gzip, deflate, br
X-Braze-Req-Attempt: 1
Content-Type: application/json
X-Braze-Api-Key: b8df6ed1-27e4-476c-bede-e786ac4cf6c7
Content-Length: 1384
User-Agent: Dalvik/2.1.0 (Linux; U; Android 14; Pixel 8a Build/AP2A.240605.024)
Connection: Keep-Alive

{
  "device_id":"7159a7d3-352e-4c3d-a109-            ",
  "app_version":"3.61.1",
  "api_key":"b8df6ed1-27e4-476c-bede-e786ac4cf6c7",
  "app_version_code":"771.0.0.0",
  "sdk_flavor":"segment",
  "sdk_version":"27.0.1",
  "time":1721653047,
  "respond_with":{
    "user_id":"08a260a0-c000-5087-9f8f-3163c6cbfaf5",
    "config":{
      "config_time":1721646008
    }
  },
  "events":[
    {
      "data":{
        "p":{
          "episodeTitle":"Entering a New Chapter! Luffy and Sabo's Paths!",
          "concatenatedTitle":
          "One Piece|One Piece: Egghead Island (1089-Current)|1089|Entering a New Chapter! Luffy
            and Sabo's Paths!",
          "mediaAudioLanguage":"ja-JP",
          "mediaAdSupported":false,
          "viewershipAttributionSourceScreen":"Home",
          "eventSource":"cr_android",
          "mediaType":"episode",
          "mediaId":"GJWU29E0V",
          "episodeNumber":"1089",
          "externalMediaId":"GRMG8ZQZR",
          "seasonTitle":"One Piece: Egghead Island (1089-Current)",
          "playbackSource":"network",
          "playerSdk":"native",
          "mediaTitle":"One Piece",
          "viewershipAttributionSourceCollection":"dynamic_collection-1",
          "firebaseAppInstanceId":"dc4d6fb2b9416792a9f1c21feb9470cd",
          "playType":"play",
          "topLevelMediaId":"GRMG8ZQZR",
          "profileId":"08a260a0-c000-5087-9f8f-3163c6cbfaf5",
          "mediaDuration":1430,
          "channelName":"",
          "viewershipAttributionChainId":"73fdd005-82e9-42d1-8c3d-2c51a587d834"
        },
        "n":"Video Play Requested"
      },
      "user_id":"08a260a0-c000-5087-9f8f-3163c6cbfaf5",
      "name":"ce",
      "session_id":"46ca75f0-63b5-4068-ac28-0fe87bacc01b",
      "time":1.721653028373E9
    }
```

34.     The Device ID serves as a persistent unique identifier that directly links both transmissions. Because both the user's email address and the video title are transmitted with the identical Device ID within the same user session and viewing event, Braze receives information that directly connects a specific user to the specific video content they are watching. This is not a case where identity and video information are disconnected or sent at different times without any linking identifier. Rather, both pieces of information arrive at Braze tagged with the same unique Device ID as part of an integrated data collection process occurring during a single video-viewing event.

35.     Moreover, Crunchyroll configured the Braze SDK specifically to enable Braze to connect users' identities to their viewing behavior. The entire purpose of the Braze SDK is to allow Braze to track individual users' actions within the App, including their video-viewing activity, so that targeted marketing campaigns can be delivered to specific identified users based on the specific content they watch. Crunchyroll knows that Braze receives and connects this information because Crunchyroll uses Braze's services to send targeted push notifications and marketing messages to specific users based on their specific viewing history.

36.     Braze connects the user identity information (email address and Device ID) with the video viewing information (video titles and Device ID) to create unified profiles of individual users and their viewing behavior. This connection is performed automatically by the Braze platform as part of its core functionality, and Crunchyroll both knows of and benefits from this connection.

37.     The information transmitted enables Braze (and any of its clients or partners) to identify exactly what video content each specific Crunchyroll subscriber is watching. Over time, through repeated transmissions during multiple viewing sessions, the App facilitates the building of comprehensive profiles of each user's viewing behavior.

38.     The transmitted data is not anonymized or de-identified. Instead, it is directly linked to unique identifiers, specifically, users' email addresses and persistent Device IDs, that allow Braze to track and identify specific individuals and their video-watching behavior.

39.     The combination of a user's email address (or persistent device ID) with the titles

-12-

of videos they watch constitutes personally identifiable information under the VPPA. This information readily permits an ordinary person to identify a specific individual's video-watching behavior.

40.    Throughout the relevant period, Crunchyroll knew that the Braze SDK was disclosing Personal Viewing Information to Braze in a manner that connected users' identities to specific video content. Crunchyroll intentionally embedded the Braze SDK in its App and configured the SDK to transmit specific data elements, including email addresses, Device IDs, and video titles. The SDK's functionality and data transmission capabilities are documented by Braze and would be known to any developer implementing the SDK. Moreover, Crunchyroll uses the data collected by Braze to deliver targeted push notifications and marketing messages to specific identified users based on the specific videos those users have watched, a functionality that would be impossible unless the user's identity and video viewing information were connected. Crunchyroll derives value from this data sharing arrangement through enhanced user engagement and retention.

41.    Crunchyroll did not obtain informed, written consent from Plaintiffs or Class Members for the disclosure of their Personal Viewing Information to Braze in a form distinct and separate from any form setting forth other legal or financial obligations of the consumer, as required by the VPPA.

42.    By disclosing its users' Personal Viewing Information to Braze without proper consent, Crunchyroll has intentionally and knowingly violated the VPPA.

**D. Crunchyroll's Previous VPPA Settlement**

43.    In 2022, a class action lawsuit was filed against Crunchyroll under the VPPA concerning its use of the Facebook Pixel to share users' video viewing information with Facebook. *Lisa Cuevas v. Sony Group Corporation, d/b/a Crunchyroll*, No. 1:22-cv-04858 (N.D. Ill. filed Sept. 8, 2022).

44.    In September 2023, Crunchyroll settled that lawsuit for $16 million and agreed to modify its use of tracking technologies to prevent disclosure of users' video viewing information without VPPA-compliant consent.

45.    Despite this prior settlement, Crunchyroll has continued to violate the VPPA through its use of the Braze SDK, disclosing substantially similar information to a different third party without obtaining proper consent.

## CLASS ACTION ALLEGATIONS

46.    Plaintiffs bring this action on behalf of themselves and all others similarly situated as a class action pursuant to Federal Rule of Civil Procedure 23. Plaintiffs seek certification of the following subclasses:

**Subclass 1: Minor Subscriber Class (Plaintiffs Cabonios and J.T.)**

All persons in the United States who, within the applicable statute of limitations, were minor children and created accounts on the Crunchyroll App, watched videos through the App, and had their Personal Viewing Information disclosed to Braze by Crunchyroll.[1]

**Subclass 2: Adult Subscriber Class (Plaintiffs Gonzales, Newton, and Taylor)**

All persons in the United States who created accounts on the Crunchyroll App and watched videos through the App, and had their Personal Viewing Information disclosed to Braze by Crunchyroll within the applicable statute of limitations.

47.    **Numerosity**. Members of the Class and each subclass are so numerous that joinder of all Class Members is impractical.  Given the popularity of the Crunchyroll App, which has over 100 million downloads and 13 million paid subscribers, the number of persons in each subclass is estimated to be in the thousands.

---

[1] Subclass 1 includes individuals (*i*) acting on their own behalf, i.e., those who are currently over age 18 but were under 18 during the relevant limitations period, and (*ii*) acting as legal representatives of their minor children, who were both under 18 when their Personal Viewing Information was disclosed to Braze and remain under 18 as of the time of resolution of this matter.

-14-

48.     **Commonality and predominance**. A well-defined community of interest exists in the questions of law and fact involved in this case. Questions of law and fact common to the members of the class that predominate over questions affecting only individual Class Members include:

(a)     Whether Crunchyroll is a "video tape service provider" under the VPPA;

(b)     Whether Plaintiffs and class members are "consumers" under the VPPA;

(c)     Whether Defendant knowingly disclosed Class Members' Personal Viewing Information to Braze;

(d)     Whether the information disclosed to Braze concerning Class Members' Personal Viewing Information constitutes personally identifiable information under the VPPA;

(e)     Whether Crunchyroll obtained Class Members' consent to the disclosure of their Personal Viewing Information to Braze in the manner required by the VPPA;

(f)     Whether members of each subclass are entitled to statutory damages, punitive damages, and other relief under the VPPA; and the appropriate measure of damages.

49.     **Typicality**. Plaintiffs' claims are typical of those of their respective subclasses because Plaintiffs, like all members of their subclasses, are users who created accounts on the Crunchyroll App, watched videos through the App, and had their Personal Viewing Information collected and disclosed to Braze by Crunchyroll without proper consent.

50.     **Adequacy.** Plaintiffs will adequately safeguard the interests of the members of their respective subclasses, as Plaintiffs' interests align with, and do not contradict, those of the subclasses. Plaintiffs' counsel has extensive experience in handling class action litigation, including in the area of consumer digital privacy and VPPA violations specifically.

51.     **Superiority.** A class action is the most effective, efficient, and fair way to resolve this dispute. Individual litigation by all Class Members is impractical given the statutory damages of $2,500 per violation and would overburden the court system. Individual litigation would also risk inconsistent judgments and increase delays and expenses for all involved parties. In contrast,

proceeding as a class action presents few management challenges, conserves judicial resources, and protects the rights of each class member. Plaintiffs expect no difficulties in managing this case as a class action.

## CAUSE OF ACTION

### Violation of the Video Privacy Protection Act 18 U.S.C. § 2710, *et seq.*

### (On Behalf of Plaintiffs and the Class Members (Subclasses 1 & 2))

52.     Plaintiffs repeat the allegations contained in paragraphs 1-51 above as if fully set forth herein.

53.     Crunchyroll is a "video tape service provider" because it has created, hosted, and delivered thousands of anime videos through its website and App, thereby "engag[ing] in the business, in or affecting interstate or foreign commerce, of rental, sale, or delivery of prerecorded video cassette tapes or similar audio visual materials." 18 U.S.C. § 2710(a)(4).

54.     Plaintiffs and members of each subclass are "consumers" because they created accounts and provided personal information to Crunchyroll to access and view video content through the App. This makes them "subscribers" and therefore "consumers" under the VPPA. 18 U.S.C. § 2710(a)(1).

55.     Plaintiffs and Class Members' Personal Viewing Information, including their email addresses, device IDs, and the titles of videos they watched, is "personally identifiable information" because it identifies each Plaintiff and class member as individuals who watched specific video content on the Crunchyroll App. This information readily permits an ordinary person to identify a specific individual's video-watching behavior. 18 U.S.C. § 2710(a)(3).

56.     Plaintiffs and the members of each subclass requested or obtained specific video materials from Crunchyroll by watching or viewing videos on the App.

57.     Crunchyroll knowingly disclosed Plaintiffs' and Class Members' Personal Viewing Information to a third party, Braze, using the Braze SDK embedded in the App. The disclosure occurred knowingly because Crunchyroll intentionally embedded the Braze SDK in its App, configured the SDK to collect and transmit specific data elements including email addresses,

-16-

device IDs, and video titles, was aware of the SDK's data collection and transmission capabilities as documented by Braze and evident to any developer implementing the SDK, used the data collected by Braze to deliver targeted marketing and engagement campaigns to users based on their viewing behavior, and derived commercial value from this data sharing arrangement.

58. By disclosing Plaintiffs' and Class Members' Personal Viewing Information to Braze, Crunchyroll violated Plaintiffs and Class Members' statutorily protected right to privacy in their video-watching habits. 18 U.S.C. § 2710(c).

59. Crunchyroll did not obtain "informed, written consent" for the disclosure to Braze of Plaintiffs' and Class Members' Personal Viewing Information in accordance with the requirements of 18 U.S.C. § 2710(b)(2)(B).

60. Crunchyroll's disclosure to Braze of Plaintiffs' and Class Members' Personal Viewing Information did not occur within the "ordinary course of business." The disclosures to Braze were not incident to "debt collection activities, order fulfillment, request processing, [or] transfer of ownership." 18 U.S.C. § 2710(a)(2), (b)(2)(E). Instead, the disclosures were made for marketing, user engagement, and commercial purposes that are not necessary to fulfill Crunchyroll's core service of providing video streaming.

61. As a result of the above violations, Crunchyroll is liable to Plaintiffs and other Class Members for actual damages related to their loss of privacy, but not less than "liquidated damages in an amount of $2,500 per plaintiff." 18 U.S.C. § 2710(c)(2)(A). Under the VPPA, Defendant is also liable for reasonable attorney's fees, and other litigation costs, injunctive and declaratory relief, and punitive damages in an amount to be determined by a jury, but sufficient to prevent the same or similar conduct by the Defendant in the future.

62. Crunchyroll's violations are particularly egregious given that the company previously settled a class action lawsuit in 2023 for substantially similar VPPA violations involving the Facebook Pixel tool. Despite agreeing in that settlement to modify its use of tracking technologies to comply with the VPPA, Crunchyroll has continued to violate the statute through its use of the Braze SDK. This pattern of conduct demonstrates willful disregard for users' privacy rights and warrants substantial punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Francisco Cabonios, J.T., Anthony Gonzales, Matthew Newton, and Alicia Taylor, on behalf of themselves and the proposed subclasses, pray for the following relief against the Defendant:

(a)    An order certifying the two subclasses under Rule 23 of the Federal Rules of Civil Procedure, naming Plaintiffs as representatives of their respective subclasses, and naming Plaintiffs' attorneys as Class Counsel to represent the subclasses;

(b)    An order declaring that Defendant's conduct violates the VPPA, under 18 U.S.C. § 2710(c)(2)(D);

(c)    Liquidated damages of $2,500 to each Plaintiff and each Class Member, under 18 U.S.C. § 2710(c)(2)(A);

(d)    Punitive damages, as warranted, in an amount to be determined at trial, under 18 U.S.C. § 2710(c)(2)(B);

(e)    Prejudgment and post-judgment interest on all amounts awarded;

(f)    An order of restitution and all other forms of equitable monetary relief;

(g)    Injunctive relief requiring Crunchyroll to:

        (i)    Immediately cease disclosing Personal Viewing Information to Braze and any other third parties without obtaining VPPA-compliant consent;

        (ii)    Delete all Personal Viewing Information previously disclosed to Braze;

        (iii)    Implement policies and procedures to ensure future compliance with the VPPA; and

        (iv)    Provide clear, conspicuous, and VPPA-compliant consent mechanisms before collecting or disclosing any Personal Viewing Information;

(h)    An order awarding Plaintiffs and the Subclasses their reasonable attorneys'

-18-

1    fees and expenses and costs of suit, under 18 U.S.C. § 2710(c)(2)(C); and

2        (i)    Such other and further relief as the Court deems just and proper.

3                                **JURY DEMAND**

4    Plaintiffs request a trial by jury of all claims that can be so tried.

10    DATED: March 5, 2026                    **ABIRI LAW, PC**

11                                            By:    /s/ Robert Abiri

12                                            Robert Abiri
                                             rabiri@abirilaw.com
13                                           30021 Tomas Street, Suite 300
                                             Rancho Santa Margarita, CA 92688
14                                           t. 949.459.2133
                                             f. 949.534.4367
15
                                             **CUSTODIO & DUBEY, LLP**
16                                           Vineet Dubey (SBN 243208)
                                             445 Figueroa Street, Suite 2520
17                                           Los Angeles, CA 90071
                                             Telephone: (213) 593-9095
18                                           Fax: (213) 785-2899
                                             dubey@cd-lawyers.com
19
                                             **DON BIVENS PLLC**
20                                           Don Bivens (*pro hac vice* forthcoming)
                                             Maxwell K. Weiss (*pro hac vice* forthcoming)
21                                           15169 N. Scottsdale Road, Suite 205
                                             Scottsdale, AZ 85254
22                                           Telephone: (602) 762-2661
                                             don@donbivens.com
23                                           max@donbivens.com

24                                           *Attorneys for Plaintiffs and the*
                                             *Putative Classes*

CLASS ACTION COMPLAINT