Oliver M. Kiefer (SBN 332830)
oliver.kiefer@zwillgen.com
ZWILLGEN LAW LLP
369 Pine Street Suite 506
San Francisco, CA 94104
Telephone: (415) 590-2335
Facsimile: (415) 636-5965

*Attorney for Defendant Crunchyroll, LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO CABONIOS, J.T., a minor, by and through her parent and guardian *ad litem* OSKAR TORUNO, ANTHONY GONZALES, MATTHEW NEWTON, and ALICIA TAYLOR, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CRUNCHYROLL, LLC, a Delaware Corporation,<br><br>Defendant. | Case No. 2:26-cv-02373-JLS-MARx<br><br>**DEFENDANT CRUNCHYROLL, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[Filed concurrently with Local Rule 7-3 Declaration and [Proposed] Order]*<br><br>Date: July 24, 2026<br>Time: 10:30 a.m.<br>Courtroom: 8A, 8th Floor<br><br>Assigned to: Judge Josephine L. Staton<br>Referred to:  Magistrate Judge Margo A. Rocconi |

**PLEASE TAKE NOTICE** that on July 24, 2026 at 10:30 a.m. or as soon thereafter as this matter may be heard before the Honorable Josephine L. Staton in Courtroom 8A in the United States District Court for the Central District of California, Western Division, First Street United States Courthouse, 350 W. First Street, Courtroom 8A, Los Angeles, CA 90012, Defendant Crunchyroll, LLC ("Crunchyroll") will and hereby does respectfully move to dismiss the Complaint filed by Plaintiffs Francisco Cabonios, J.T., a minor, by and through her parent and guardian *ad litem* Oskar Toruno, Anthony Gonzales, Matthew Newton, and Alicia Taylor ("Plaintiffs") under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs' Complaint fails to state a claim under the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710, because Plaintiffs fail to adequately allege that Crunchyroll disclosed information which "identifies" them under the VPPA.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on May 19, 2026.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings on file in this matter, on the oral arguments of counsel and other matters properly considered by the Court at the hearing on the motion, and all matters of which this Court may take judicial notice.

Dated: May 29, 2026                     **ZWILLGEN LAW LLP**


By: /s/ *Oliver M. Kiefer*
    Oliver M. Kiefer (SBN 332830)
    oliver.kiefer@zwillgen.com
    369 Pine Street Suite 506
    San Francisco, CA 94104
    Telephone: (415) 590-2335
    Facsimile: (415) 636-5965

    *Attorney for Defendant Crunchyroll, LLC*

DEFENDANT CRUNCHYROLL, LLC'S NOM & MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; CASE NO. 2:26-cv-02373-JLS-MARx

# <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION ............................................................................5

II.    BACKGROUND ..............................................................................7

    A.    Crunchyroll ............................................................................7

    B.    Plaintiffs' Allegations .............................................................7

III.    LEGAL STANDARD .....................................................................8

IV.    ARGUMENT ..................................................................................9

    A.    Plaintiffs Do Not Allege Their Email Addresses and Specific Videos Were Transmitted to Braze in a "First 20 Seconds" Transmission ............................................................................10

    B.    Plaintiffs' "Stitching" Theory Does Not State a VPPA Claim.........12

V.    CONCLUSION ..............................................................................14

DEFENDANT CRUNCHYROLL, LLC'S NOM & MOTION TO DISMISS PLAINTIFFS' CLASS ACTION
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; CASE NO. 2:26-cv-02373-JLS-MARx

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................... 7, 8, 9

*Beagle v. Amazon.com, Inc.*,
    No. C24-0316, 2024 WL 4028290 (W.D. Wash. Sept. 3, 2024) ........... 10, 11, 12

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ..................................................................................... 8, 9

*Chandra v. Prager Univ. Found.*,
    No. 25-CV-03984, 2025 WL 3049870 (C.D. Cal. Oct. 21, 2025)........... 9, 10, 11

*Dancel v. Groupon, Inc.*,
    949 F.3d 999 (7th Cir. 2019) ............................................................................ 10

*Eichenberger v. ESPN, Inc.*,
    876 F.3d 979 (9th Cir. 2017) .............................................................. 5-6, 9, 12

*Glinoga v. Sullivan Ent. Inc.*,
    No. 25CV0707, 2025 WL 3035032 (S.D. Cal. Oct. 30, 2025) .......................... 11

*In re Hulu Priv. Litig.*,
    86 F. Supp. 3d 1090 (N.D. Cal. 2015)................................................. 6, 9, 12, 14

*M.K. ex rel. Kirksey v. Google LLC*,
    No. 21-CV-08465, 2023 WL 2671381 (N.D. Cal. Mar. 27, 2023).................... 11

*In re Nickelodeon Consumer Priv. Litig.*,
    827 F.3d 262 (3d Cir. 2016) ............................................................. 6, 9, 13, 14

*Ove v. Gwinn*,
    264 F.3d 817 (9th Cir. 2001) ......................................................................... 8-9

*Solomon v. Flipps Media, Inc.*,
    136 F.4th 41 (2d Cir. 2025) ............................................................................ 13

## Statutes

Video Privacy Protection Act, 18 U.S.C. § 2710 ............................................*passim*

DEFENDANT CRUNCHYROLL, LLC'S NOM & MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; CASE NO. 2:26-cv-02373-JLS-MARx

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ...............................................................................5, 7, 8

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs Francisco Cabonios, J.T. (by and through her guardian *ad litem* Oskar Toruno), Anthony Gonzales, Matthew Newton, and Alicia Taylor ("Plaintiffs") allege they are Crunchyroll subscribers who "periodically watched videos while logged into Crunchyroll's App." (Compl. ¶¶ 6-10, Dkt. No. 1.) Their sole claim is for an alleged violation of the Video Privacy Protection Act, 18 U.S.C. § 2710 (the "VPPA"). The Complaint alleges that Defendant Crunchyroll, LLC ("Crunchyroll") uses the Braze, Inc. ("Braze") software development kit ("SDK") within its App, and that the Braze SDK transmits Plaintiffs' "personally identifiable information" to Braze without Plaintiffs' consent.

Plaintiffs' Complaint does not even get off the ground. It belongs in arbitration, or at the very least in the United States District Court for the Southern District of New York. As set forth in Crunchyroll's concurrently filed Motion to Compel Arbitration and Stay Further Proceedings ("MTCA") and Motion to Transfer ("MTT"), the Court need not (and should not) decide the merits of Plaintiffs' claim. Because Plaintiffs are self-avowed Crunchyroll subscribers, each agreed to Crunchyroll's Terms of Service, which contain an arbitration agreement and a forum selection clause. Thus, this VPPA dispute belongs in arbitration (or, in the alternative, the United States District Court for the Southern District of New York). But because Plaintiffs refused to bifurcate the issues of arbitrability and venue from the merits of this claim that has been brought in an improper forum, Crunchyroll is forced at this time to also move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that it fails to state a claim for relief under the VPPA.

The Complaint fails to state a claim for a simple reason: it does not allege any Plaintiffs' "personally identifiable information" was disclosed to a third party. The Ninth Circuit has held that VPPA "personally identifiable information" is "only that information that would 'readily permit an ***ordinary person*** to identify a specific

DEFENDANT CRUNCHYROLL, LLC'S NOM & MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; CASE NO. 2:26-cv-02373-JLS-MARx

individual's video-watching behavior.'" *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 985 (9th Cir. 2017) (emphasis added) (quoting *In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 267 (3d Cir. 2016)).

Here, the Complaint tries but fails to allege that two different types of "transmissions" to Braze meet the Ninth Circuit's stringent "ordinary person" standard:

1. For users who play a video ***within 20 seconds*** of downloading and registering the Crunchyroll App, the Complaint alleges Crunchyroll sends Braze the user's email address, a device identifier, ***and*** the title of a specific video watched in a single transmission. (Compl. ¶ 31.)

2. For all other videos played (i.e., those played ***outside*** of the first 20 seconds of downloading and registering the Crunchyroll App), the Complaint alleges Crunchyroll sends ***two*** transmissions to Braze. The first transmission contains an email address and a device identifier. The second transmission contains a device identifier and a video title. (*Id.* ¶ 32.) The Complaint alleges Braze stitches those two transmissions together to identify an individual and a specific video requested in violation of the VPPA. (*Id.* ¶ 35.)

Plaintiffs fail to allege a VPPA violation under either scenario. With respect to the "first 20 seconds" transmissions, Plaintiffs do not allege that any of them downloaded and registered the Crunchyroll App and then watched a video within 20 seconds. The allegations also do not state a VPPA claim with respect to the "outside of 20 seconds" transmissions. There is no VPPA violation when the user's identity and the specific video requested are "transmitted separately" and "connected" by the recipient, even if those transmissions occurred "simultaneously." *In re Hulu Priv. Litig.*, 86 F. Supp. 3d 1090, 1096 (N.D. Cal. 2015).

For these reasons, if the Court assesses the merits of the Complaint (which it should not), the Complaint should be dismissed.

## II.    BACKGROUND[1]

### A. Crunchyroll

Plaintiff alleges Defendant Crunchyroll, LLC is the leading American streaming service for "anime, manga, and Asian dramas," with more than "13 million paid subscribers worldwide." (Compl. ¶¶ 1, 21.) Crunchyroll offers an unparalleled library of titles in these genres. In order to access videos in Crunchyroll's library, "users must create an account by providing their email address and creating a password." (*Id.* ¶ 20.) As set forth in Crunchyroll's concurrently filed MTCA and MTT, Crunchyroll subscribers like Plaintiffs all agree to Crunchyroll's Terms of Service, which contain an arbitration agreement and a forum selection clause. Crunchyroll has offered both free and paid subscriptions that allow registered users to access content. (*Id.* ¶ 21.)

### B. Plaintiffs' Allegations

Plaintiffs allege that they are (or were) Crunchyroll subscribers. (*See* Compl. ¶¶ 6-10.) Each vaguely alleges that they "periodically watched videos while logged into Crunchyroll's App," (*see id.*), but otherwise plead no facts about when they viewed videos, which videos they watched, how many videos they watched, or the devices they used. (*See generally* Compl.)

The Complaint's allegations center on the Braze SDK, a software tool that Plaintiffs allege Crunchyroll deployed to "transmit[] users' (i) email address, (ii) persistent device identifiers, and (iii) the titles of specific video content they watch" to Braze. (*Id.* ¶ 3.) The Complaint alleges this information is sent to Braze in two different scenarios:

*First*, if a user plays a video within **20 seconds** of downloading and registering the Crunchyroll App, the Complaint alleges Crunchyroll transmits to Braze the user's

---

[1] For purposes of this Rule 12(b)(6) motion only, Crunchyroll accepts as true the Complaint's factual allegations, but does not admit them and reserves all rights to contest them. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

DEFENDANT CRUNCHYROLL, LLC'S NOM & MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; CASE NO. 2:26-cv-02373-JLS-MARx

email address, a device identifier, *and* the title of a specific video in one transmission. (*Id.* ¶ 31.)

*Second*, for all other videos played (i.e., those played **more** than 20 seconds after a user downloads and registers the Crunchyroll App), the Complaint alleges Crunchyroll sends **two** transmissions to Braze. (*Id.* ¶ 32.) The first transmission contains an email address and a device identifier, but not the title of any video watched. (*Id.*) The second transmission contains a device identifier and a video title, but not the user's email address. (*Id.*) The Complaint alleges Braze stitches these transmissions together to identify an individual and a specific video requested. (*Id.* ¶ 35.)

As discussed above, Plaintiffs do not allege that they watched any specific videos on the Crunchyroll App. They do not identify any video's title or explain when they watched particular videos beyond the vague allegation that each "periodically watched videos while logged into the Crunchyroll App." (*Id.* ¶¶ 6-10.) Most importantly, no Plaintiff alleges that they watched a video within 20 seconds of downloading and registering the Crunchyroll App.

## III.    LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Thus, the allegations in the Complaint must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). While a court must accept as true all material allegations in the complaint, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to

DEFENDANT CRUNCHYROLL, LLC'S NOM & MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; CASE NO. 2:26-cv-02373-JLS-MARx

dismiss." *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001) (citing *Associated Gen. Contractors of Am. v. Metro. Water Dist. of S. Cal.*, 159 F.3d 1178, 1181 (9th Cir. 1998)); *see also Iqbal*, 556 U.S. at 678 (stating a pleading is insufficient if it provides only "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement'" (quoting *Twombly*, 550 U.S. at 555, 557)); *Twombly*, 550 U.S. at 555 (stating a court is "not bound to accept as true a legal conclusion couched as a factual allegation" (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986))).

## IV.  ARGUMENT

Plaintiffs fail to allege a VPPA claim because they do not allege their "personally identifiable information" was disclosed to a third party. The VPPA defines "personally identifiable information" narrowly: it includes only that information "which identifies a person as having requested or obtained specific video materials or services from a video tape service provider." 18 U.S.C. § 2710(a)(3). The Ninth Circuit has clarified this definition. *See Eichenberger*, 876 F.3d at 985. "'[P]ersonally identifiable information' means only that information that would 'readily permit an ordinary person to identify a specific individual's video-watching behavior.'" *Id.* (quoting *In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d at 267).

Thus, "[t]o adequately plead a disclosure of PII under the VPPA, a plaintiff must allege that the defendant disclosed to a third party '1) a consumer's identity; 2) the identity of specific video materials; and 3) the fact that the person identified requested or obtained that material.'" *Chandra v. Prager Univ. Found.*, No. 25-CV-03984, 2025 WL 3049870, at *3 (C.D. Cal. Oct. 21, 2025) (quoting *In re Hulu Priv. Litig.*, 86 F. Supp. 3d at 1095).

The Complaint alleges two theories of a VPPA violation, but neither carries water here.

9

**A. Plaintiffs Do Not Allege Their Email Addresses and Specific Videos Were Transmitted to Braze in a "First 20 Seconds" Transmission.**

Plaintiffs' first theory of a VPPA violation fails because no Plaintiff alleges they watched a video within 20 seconds of downloading and registering the Crunchyroll App. Even assuming an email address can "identif[y] a person," (which Crunchyroll does not concede[2]), no Plaintiff alleges they downloaded and registered the Crunchyroll App and then watched a video within 20 seconds of doing so. Because Plaintiffs fail to allege they actually watched a pre-recorded video under these circumstances, they fail to allege a VPPA violation on this theory.

In this respect, *Chandra v. Prager University Foundation* is instructive. *See* 2025 WL 3049870, at *4. In *Chandra*, the plaintiffs alleged personally identifiable information was disclosed to Facebook via the "Facebook Pixel," which "cause[d] users' video viewing history to be sent" to Facebook along with "'unique and persistent Facebook IDs . . . which link to users' personal Facebook pages." *Id.* at *1. Despite the alleged use of a "persistent" identifier, the Court held that the complaint failed to plausibly allege a VPPA disclosure. *See id.* at *4. The problem was that "Plaintiffs' allegations focus[ed] on the Facebook Pixel's general capabilities, but [did] not provide facts raising an inference that the technology was used to disclose **Plaintiffs' PII specifically**." *Id.* (emphasis added) (granting motion to dismiss).

Under similar circumstances, the court in *Beagle v. Amazon.com, Inc.* reached the same result. *See* No. C24-0316, 2024 WL 4028290, at *3 (W.D. Wash. Sept. 3, 2024). In *Beagle*, Plaintiffs alleged that Amazon's Prime Video Terms of Use stated that Amazon "***may*** provide information about your viewing behavior to third parties,"

---

[2] While an email address may *potentially* identify a person, it would only be "because of [the email address's] content," to the extent the email address revealed "the account holder's name, affiliated organization, or other identifying information." *Dancel v. Groupon, Inc.*, 949 F.3d 999, 1008–09 (7th Cir. 2019). The Complaint does *not* allege Plaintiffs could be identified through their email address based on the *Dancel* factors.

DEFENDANT CRUNCHYROLL, LLC'S NOM & MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; CASE NO. 2:26-cv-02373-JLS-MARx

and thus alleged Amazon "**must** have disclosed Plaintiffs' [VPPA] PII to third parties." *Id.* (emphases added). The court held that this inference was insufficient to plausibly state a VPPA claim. *See id*. While "Plaintiffs' allegations are . . . consistent with Amazon's liability, they still fail to state a claim that is plausible and not merely possible." *Id.* (granting motion to dismiss).

*M.K. ex rel. Kirksey v. Google LLC* likewise supports dismissal. *See* No. 21-CV-08465, 2023 WL 2671381, at *3 (N.D. Cal. Mar. 27, 2023). In *M.K.*, the Court dismissed the plaintiff's VPPA claim because "[t]he complaint d[id] not allege any facts that M.K. watched videos, or the circumstances under which that occurred." *Id.* While the complaint alleged "in equally conclusory fashion, that Google 'collected consumers['] personally identifiable information ("PII") within 18 U.S.C. § 2710(a)(3),' and 'upon information and belief,' Google disclosed such information to unidentified 'third-parties,'" the complaint lacked "facts linking these allegations to [the plaintiff]," requiring dismissal of the VPPA claim. *Id.* (first alteration in original); *Cf. Glinoga v. Sullivan Ent. Inc.*, No. 25CV0707, 2025 WL 3035032, at *4 (S.D. Cal. Oct. 30, 2025) (dismissing VPPA claim for lack of standing because plaintiff could not allege a "concrete injury" when "he did not view any videos, did not use search terms and was not navigated to any pages associated with specific films, series or other content").

The same result reached in *Chandra*, *Beagle*, and *M.K.* follows here. According to the Complaint, the **only** scenario in which an email address and the video title are sent to Braze in a single transmission is where a user downloads and registers the Crunchyroll App and then watches a video within 20 seconds of doing so. (Compl. ¶ 31.) But Plaintiffs do not allege they watched a video within 20 seconds of downloading and registering the Crunchyroll App. Instead, each Plaintiff vaguely alleges that they "periodically watched videos while logged into Crunchyroll's App." (*Id.* ¶¶ 6-10.) But Plaintiffs allege they were Crunchyroll subscribers for years. (*See id.*) It defies logic and is entirely unsupported by any fact pleaded in the Complaint

DEFENDANT CRUNCHYROLL, LLC'S NOM & MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; CASE NO. 2:26-cv-02373-JLS-MARx

that any Plaintiff watched a video where this alleged form of transmission to Braze occurred. In short, the Complaint merely alleges the "possible," not the "plausible," which is insufficient to state a claim. *Beagle*, 2024 WL 4028290, at *3.

Because Plaintiffs fail to allege any of them watched a video within 20 seconds of downloading and registering the Crunchyroll App such that their email address and the video title were sent to Braze in the same transmission, the Complaint fails to state a claim for relief under this theory.

### B. Plaintiffs' "Stitching" Theory Does Not State a VPPA Claim.

Because Plaintiffs do not allege they watched a video within 20 seconds of downloading and registering the Crunchyroll App, their VPPA claim depends upon the allegation that two separate transmissions to Braze constitute a disclosure prohibited by the VPPA. This theory fails, too.

Device IDs do not satisfy the Ninth Circuit's "ordinary person" standard because they do not, without more, readily identify a specific individual. *See Eichenberger*, 876 F.3d at 986 (concluding that "an ordinary person could not use [a Device ID] to identify an individual"). And, there is no VPPA violation where the user's identity and the specific video requested are "transmitted separately" and "connected" by the recipient, even if those transmissions occurred "simultaneously." *In re Hulu Priv. Litig.*, 86 F. Supp. 3d at 1096.

Consistent with this rule, the Ninth Circuit rejected a VPPA theory that depended on the recipient "stitching" together separate data points to marry a person to a video. *See Eichenberger*, 876 F.3d at 985 (affirming dismissal of VPPA claim where the information needed to identify the plaintiff as having watched certain videos depended upon combining the data transmitted with other data in the recipient's possession). Indeed, the Ninth Circuit's decision in *Eichenberger* adopted the "ordinary person" standard from a Third Circuit decision affirming dismissal of a VPPA claim making similar allegations to the Complaint here.

DEFENDANT CRUNCHYROLL, LLC'S NOM & MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; CASE NO. 2:26-cv-02373-JLS-MARx

In *In re Nickelodeon Consumer Privacy Litigation*, the plaintiffs alleged that Nickelodeon used website cookies to collect and disclose, *inter alia*, children's usernames, birthdates, IP addresses, "detailed URL requests and video materials requested and obtained" from Nickelodeon websites, and "persistent cookie identifiers." 827 F.3d at 269. Plaintiffs alleged that Google "aggregat[ed]" this "information about Internet users" to "identify web users in the real world." *Id.* at 289. Despite the litany of information allegedly "disclosed" and Google's ability to aggregate and identify individuals, the Third Circuit affirmed the district court's dismissal of the plaintiffs' VPPA claim. *See id*. The court reasoned that "[t]he allegation that Google will assemble otherwise anonymous pieces of data to unmask the identity of individual children is, at least with respect to the kind of identifiers at issue here, simply too hypothetical to support liability under the Video Privacy Protection Act." *Id.* at 290.

The Second Circuit has adopted the Ninth Circuit and Third Circuit's "ordinary person" standard as well. *See Solomon v. Flipps Media, Inc.*, 136 F.4th 41, 54 (2d Cir. 2025), *cert. denied*, 146 S. Ct. 885 (2025) ("[T]he VPPA was not intended to create liability where a third party is able to 'assemble otherwise anonymous pieces of data to unmask the identity of individual [users].'" (alteration in original) (quoting *In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d at 290)). Applying that same "ordinary person" standard, the Second Circuit affirmed dismissal of a VPPA complaint where the plaintiff alleged Flipps Media, Inc. sent a URL containing a video title and a Facebook ID (i.e., a persistent identifier) to Facebook as part of the same transmission. *See id.* The Second Circuit held that the Complaint did not allege the disclosure of "personally identifiable information" because it was not plausible "that an ordinary person could identify Solomon through her [Facebook ID]" even when Facebook could stitch together that information to identify her Facebook profile. *Id.*

Yet that is exactly what the Complaint alleges. (*See* Compl. ¶ 32.) Plaintiffs allege that Braze receives two *separate* "requests." (*Id.*) The first "request transmits

DEFENDANT CRUNCHYROLL, LLC'S NOM & MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; CASE NO. 2:26-cv-02373-JLS-MARx

the user's email address along with the persistent Device ID," but not the title of any video. (*Id.*) The second request, sent during the same "user session" (a term left undefined by the Complaint), allegedly "transmits the video title along with the same persistent Device ID," but not the user's email address. (*Id.*) In other words, the Complaint alleges the allegedly user identifying information (i.e., an email address) and the "specific videos requested or obtained" are sent in separate transmissions and "connected" or "aggregat[ed]" on the back end by Braze. These allegations fail to state a VPPA claim under the "ordinary person" standard. *See In re Hulu Priv. Litig.*, 86 F. Supp. 3d at 1096; *see also In re Nickelodeon Priv. Litig.*, 827 F.3d at 289.

Because the Complaint does not allege Crunchyroll disclosed Plaintiffs' VPPA "personally identifiable information" to Braze, the Complaint fails to state a VPPA claim and the Complaint should be dismissed.

## V. CONCLUSION

For these reasons, the Court should dismiss the Complaint with prejudice for failure to state a claim under the VPPA.

Respectfully submitted,

Dated: May 29, 2026

**ZWILLGEN LAW LLP**

By: */s/ Oliver M. Kiefer*
Oliver M. Kiefer (SBN 332830)
oliver.kiefer@zwillgen.com
369 Pine Street, Suite 506
San Francisco, CA 94104
Telephone: (415) 590-2335
Facsimile: (415) 636-5965

**ZWILLGEN PLLC**
Sudhir V. Rao (*pro hac vice* forthcoming)
Sudhir.rao@zwillgen.com
183 Madison Avenue, Suite 1601
New York, NY 10016
Telephone: (646) 362-5590

*Attorneys for Defendant Crunchyroll, LLC*

DEFENDANT CRUNCHYROLL, LLC'S NOM & MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; CASE NO. 2:26-cv-02373-JLS-MARx

## <u>Local Rule 11-6 Verification</u>

The undersigned, counsel of record for Defendant Crunchyroll, LLC, certifies that this brief contains 3,102 words, which complies with the word limit of L.R. 11-6.1.


Dated: May 29, 2026                     **ZWILLGEN LAW LLP**


                                        By: /s/ *Oliver M. Kiefer*
                                        Oliver M. Kiefer

                                        *Attorney for Defendant Crunchyroll, LLC*

15