Oliver M. Kiefer (SBN 332830)
oliver.kiefer@zwillgen.com
ZWILLGEN LAW LLP
369 Pine Street Suite 506
San Francisco, CA 94104
Telephone: (415) 590-2335
Facsimile: (415) 636-5965

*Attorney for Defendant Crunchyroll, LLC*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

FRANCISCO CABONIOS, J.T., a minor, by and through her parent and guardian *ad litem* OSKAR TORUNO, ANTHONY GONZALES, MATTHEW NEWTON, ALICIA TAYLOR, and OSCAR CASTANEDA, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

CRUNCHYROLL, LLC, a Delaware Corporation,

Defendant.

Case No. 2:26-cv-02373-JLS-MARx

**DEFENDANT CRUNCHYROLL, LLC'S REPLY BRIEF IN SUPPORT OF ITS ALTERNATIVE MOTION TO TRANSFER**

*[Filed concurrently with Reply Brief in Support of Motion to Compel Arbitration and Stay Further Proceedings; Supplemental Declaration of Samir Ahmed; Declaration of Sudhir V. Rao]*

Date: October 2, 2026
Time: 10:30 a.m.
Courtroom: 8A, 8th Floor

Assigned to: Judge Josephine L. Staton
Referred to: Magistrate Judge Margo A. Rocconi

# TABLE OF CONTENTS

INTRODUCTION .......... 1
ARGUMENT .......... 1
I. If the Court Does Not Compel Arbitration, It Should Transfer This Case to New York. .......... 1
CONCLUSION .......... 4
LOCAL RULE 11-6 VERIFICATION .......... 5

# TABLE OF AUTHORITIES


Page(s)

**Cases**

*Atl. Marine Constr. Co. v. U.S. Dist. Court*, 571 U.S. 49 (2013) ........ 1, 2

*Cung Le v. Zuffa, LLC*, 108 F. Supp. 3d 768 (N.D. Cal. 2015) ........ 3-4

*Losson v. Union des Associations Europeennes de Football*, 2024 WL 3406987 (N.D. Cal. July 11, 2024) ........ 3

*Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081 (9th Cir. 2018) ........ 2, 3

**Statutes**

28 U.S.C. § 1404(a) ........ 1-2

# INTRODUCTION

If the Court does not compel Plaintiffs to arbitrate their claims, it should transfer this case to the United States District Court for the Southern District of New York. The mandatory forum-selection clause in the January 2025 and February 2026 TOS[1] compels transfer as to Plaintiffs Cabonios, J.T., Gonzales, Newton, and Taylor (the "Original Plaintiffs"). Although they argue Crunchyroll did not establish their assent to the January 2025 and/or February 2026 TOS, that argument fails for all the reasons Crunchyroll identifies in its concurrently filed reply in support of its Motion to Compel Arbitration and Stay the Case ("MTCA Reply"). Their only additional argument against transfer in opposition is that the forum-selection clause does not cover their VPPA claims. But Ninth Circuit authority forecloses that argument. And Plaintiffs do not dispute that efficiency favors transferring Plaintiff Castaneda's claim with that of the Original Plaintiffs.

Accordingly, the Court should transfer this case to the Southern District of New York if it does not compel Plaintiffs to arbitrate their claims.

# ARGUMENT

## I. If the Court Does Not Compel Arbitration, It Should Transfer This Case to New York.

As Crunchyroll explained in its Alternative Motion to Transfer, because Plaintiffs Cabonios, J.T., Gonzales, Newton, and Taylor agreed to the Operative TOS, which contained a valid, mandatory forum-selection clause, transfer to the Southern District of New York is required absent a showing of exceptional circumstances. *See* MTT at 6, citing *Atl. Marine Constr. Co. v. U.S. Dist. Court*, 571 U.S. 49, 52 (2013). And Plaintiff Castaneda's claim should be transferred (if it is not compelled to arbitration) with the other Plaintiffs' claims based on ordinary § 1404(a) principles—namely, that it would

[1] Capitalized terms have the same meaning assigned in Crunchyroll's Alternative Motion to Transfer ("MTT," ECF 31) unless otherwise stated.

be inefficient and risk inconsistent judgments for his claim to remain here while the others proceed in New York. *See* MTT at 21. Plaintiffs' contrary arguments lack merit.

The Original Plaintiffs do not even attempt to identify any "exceptional circumstances" that would warrant not enforcing the forum-selection clause here (if the Court does not compel those Plaintiffs to arbitrate). Instead, recycling the same arguments they make against arbitration, Plaintiffs argue that because they purportedly did not agree to the January 2025 and/or February 2026 TOS containing the forum-selection clause, the *Atlantic Marine* presumption does not apply. *See* Consol. Opp'n to Crunchyroll's Motion to Compel Arbitration and Motion to Transfer ("Opp'n") at 19-20. But there can be no meaningful dispute that those Plaintiffs ***did*** agree to the January and/or February 2026 TOS. *See* MTCA Reply at Arg. § I.C. As such, transfer is required under *Atlantic Marine*.

The Original Plaintiffs' next argument against transfer—that the forum-selection clause does not reach their VPPA claims (Opp'n at 20-21)—also fails. The Original Plaintiffs recognize that Crunchyroll's forum-selection clause applies to actions "arising from, relating to or in connection with" Crunchyroll's TOS but argue that their VPPA claims do not fall within that broad scope because they "do[] not allege a breach of the TOS or require interpretation of a contractual promise." *Id.* at 20. That is wrong. Ninth Circuit caselaw is clear that while "forum-selection clauses covering disputes ***'arising out of'*** a particular agreement apply only to disputes relating to the interpretation and performance of the contract itself . . . forum selection clauses covering disputes ***'relating to'*** a particular agreement apply to any disputes that reference the agreement or have some logical or causal connection to the agreement." *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1086 (9th Cir. 2018) (emphasis added) (citation modified). Crunchyroll's forum-selection clause falls squarely within the latter category.

A recent decision in a nearly identical Northern District of California case confirms that Crunchyroll's forum-selection clause applies to the Original Plaintiffs'

claims. In *Losson v. Union des Associations Europeennes de Football*, defendant sought to transfer plaintiff's claim that defendant violated the VPPA by sharing plaintiff's video viewing information with Meta based on a forum-selection clause in defendant's online terms that applied to all disputes "in connection with" those terms. 2024 WL 3406987, at *2 (N.D. Cal. July 11, 2024). Relying on *Yei A. Sun*, the court concluded that plaintiff's VPPA claims "fall squarely within the forum-selection clause's scope" because they had "some logical or causal connection" to the terms where those terms "govern[ed] his access to and use of the websites which led to the alleged violations." *Id.* The court rejected as "wrong as a matter of law" the same argument the Original Plaintiffs make—that their claims "do not relate to the Terms . . . because they have nothing to do with enforcing any particular provision of the Terms . . . or Defendants' breach thereof and are essentially tort claims rather than contract claims." *Id.* (citation modified). This Court should do the same.

Plaintiffs' argument against transferring Plaintiff Castaneda's claim also misses the mark. Plaintiffs do not contest that transferring his claim along with the other Plaintiffs' claims would promote efficiency and avoid potentially inconsistent rulings. Instead, they argue that "[i]f one or more Plaintiffs remain here because Crunchyroll fails to prove arbitration or the New York clause, moving Castaneda creates rather than solves duplication." Opp'n at 21. But Crunchyroll does not argue that Plaintiff Castaneda should be transferred if all the other Plaintiffs remain here; it argues that Plaintiff Castaneda should be transferred with the other Plaintiffs. *See* MTT at 21. That Mr. Castaneda alleges he stopped using the Crunchyroll App before the January 2025 TOS update does not undermine transfer, given that he joined this action knowing that Crunchyroll sought to enforce the forum-selection clause and transfer the action to New York. *See Cung Le v. Zuffa, LLC*, 108 F. Supp. 3d 768, 775 n.4 (N.D. Cal. 2015) ("Consequently, the non-signatory plaintiffs have subjected their cases to the applicable forum selection clause by choosing to join a collective action with other plaintiffs who

are signatories since the language of the clause makes clear that it applies to *actions* to interpret or enforce the contracts, not just individual claims.") (emphasis in original).

## **CONCLUSION**

If the Court does not compel Plaintiffs to arbitrate their claims, it should transfer the case to the United States District Court for the Southern District of New York.

Respectfully submitted,

Dated: September 10, 2026

**ZWILLGEN LAW LLP**

By: /s/ *Oliver M. Kiefer*

Oliver M. Kiefer (SBN 332830)
oliver.kiefer@zwillgen.com
369 Pine Street Suite 506
San Francisco, CA 94104
Telephone: (415) 590-2335
Facsimile: (415) 636-5965

**ZWILLGEN PLLC**

Sudhir V. Rao (*pro hac vice* forthcoming)
Sudhir.rao@zwillgen.com
183 Madison Avenue, Suite 1601
New York, NY 10016
Telephone: (646) 362-5590

*Attorneys for Defendant Crunchyroll, LLC*

## LOCAL RULE 11-6 VERIFICATION

The undersigned, counsel of record for Defendant Crunchyroll, LLC, certifies that this brief contains 1,049 words, which complies with the word limit of L.R. 11-6.1 and this Court's Initial Standing Order § 8.c (ECF 17).

Dated: September 10, 2026 ZWILLGEN LAW LLP

By: */s/ Oliver M. Kiefer*
Oliver M. Kiefer (SBN 332830)

*Attorney for Defendant Crunchyroll, Inc.*